**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMIKA PRESSLEY, *Plaintiff*, | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5633 |
| TRANSUNION, *et al.*, *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.** **April 6, 2022**

*Pro se* Plaintiff Tamika Pressley sued Transunion, Equifax, and Experian.[1] The Court interprets Pressley's Complaint to assert claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). For the following reasons, Pressley's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

I

Pressley alleges she is a consumer who "sent a written dispute on or about April 17, 2020, to Defendant, a consumer reporting agency" disputing the completeness and accuracy of the following tradelines:

> EXETER– account number **6806819422999**, FST PREMIER– account number **517800742806**, LASALLE UNIVERSITY– account number **3905C0EPER2**, USDOE/GLELSI– account number **051179******,

[1] Pressley has named three different defendants in her Complaint. (Compl. at 1.) The Complaint, however, continuously refers to a single "defendant" without any further identification. The Court doesn't know which allegations apply to each of the three named Defendants. This makes it challenging to screen the Complaint and would make it difficult for a defendant to meaningfully respond to it. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims).

> USDOE– account number **2820**** (8TIMES)**, LVNV FUNDING– account number **517805994027******, RADIUS GLOBAL– account number **5108******, CONVERGENT OUTSOURCING– account number **8564******, BARCLAYS BANK DELAWARE, account number - **00019249567******. . .

(Compl. at 1.)[2] Pressley claims "Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports" and failed to "investigate, delete, or modify the disputed information, and provide a response" to her within thirty days of her dispute. (*Id.*) Pressley claims to have suffered personal and financial damages, and seeks "damages in the amount of $45,000, plus $5,000 to date, and all future costs of this suit, and such other relief the Court does deem just, equitable and proper." (*Id.*) There are no attachments to her Complaint.

II

Pressley may proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Pressley's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

As Pressley is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

III

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To state a claim under the FCRA, a plaintiff must establish that the information in her credit report was inaccurate. *Cortez*, 617 F.3d at 708.

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246

F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, Civ. A. No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016). Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Pressley's allegations are sparse, conclusory, and not plausible. She has not identified the allegedly incorrect information in her credit history, clearly explained why the information was incorrect, or alleged any facts about how she disputed that information with any of the three named Defendants, and what actions Defendants were required to take in response but failed to do so. *See Cortez*, 617 F.3d at 708 (a plaintiff must establish that the information in his credit report was inaccurate). Pressley's Complaint thus fails to allege a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant

failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Berkery v. Verizon Communications Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of complaint that alleged that plaintiff "reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher) satisfied its own duties under the statute"); *Visconti v. Trans Union, LLC*, No. 19-581, 2019 WL 5418093, at *4 (D.N.J. Oct. 23, 2019) (holding plaintiff failed to properly plead FCRA claims where she failed to provide any specific facts regarding which accounts were fraudulent, when she notified defendants of the issues, and what actions defendants were required to take in response but failed to do so).

IV

For the foregoing reasons, the Court will grant Pressley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that Pressley can never state a plausible claim based on the acts or omissions of one or more of the three named Defendants, she will be granted leave to amend. Cognizant of Pressley's *pro se* status, the Court will grant her an opportunity to "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should

clearly describe the factual basis for her FCRA claims.[3] An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**

---

[3] Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). Pressley must present all allegations in a single pleading that clearly identifies the defendants, states the basis for her claims and the relief she seeks. Any allegations not contained in the amended complaint will not be considered.